UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| IKE HALL, | ) |  |
|---|---|---|
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| v. | ) | Case No. 11-CV-0746-CVE-TLW |
|  | ) |  |
| DAVIS H. ELLIOT CO., | ) |  |
|  | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. # 8). Plaintiff filed a response in opposition (Dkt. # 11) and defendant filed a reply (Dkt. # 12).

**I.**

Plaintiff Ike Hall was employed by defendant Davis H. Elliot Co. from January 2004 until March 16, 2010, with a brief interlude in 2007 during which plaintiff left defendant's employ. Plaintiff suffered a work-related injury to his knee on March 2, 2010. Plaintiff alleges that, around the time of his injury, defendant attempted to demote plaintiff to a position that was more physically challenging. Plaintiff alleges that, in response, he asked for a few days off in order to see if the condition of his knee improved. Plaintiff alleges that he was fired on March 16, 2010, only one day after defendant agreed to let plaintiff take a few days off. Plaintiff also alleges that his supervisors made discriminatory comments to plaintiff and another co-worker about their ages. Plaintiff was 57 years old at the time of his termination and alleges, based upon information and belief, that he was replaced by a significantly younger employee.

Plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC), alleging discrimination based on age and disability. On August 25, 2011, the EEOC issued a "right to sue" letter to plaintiff. Plaintiff alleges in the complaint that he "received such letter thereafter" and that the complaint was "timely filed within 90 days of Plaintiff's receipt of his right to sue letter." Dkt. # 2 at 4. The complaint was filed on November 29, 2011, and alleges the following four claims for relief: (i) discrimination based on age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.; (ii) discrimination based on disability in violation of the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. § 12101 et seq.; (iii) retaliatory discharge in violation of the Oklahoma Workers' Compensation Act; and (iv) wrongful discharge in violation of Oklahoma public policy.

## II.

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6). In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly stated the pleadings standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint

as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs, 263 F.3d 1151, 1154-55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendant argues that the ADA and ADEA claims must be dismissed because plaintiff filed his complaint more than 90 days after receiving the right to sue letter.[1] Defendant further argues that plaintiff's claim for violation of Oklahoma public policy must be dismissed because the Oklahoma Anti-Discrimination Act (OADA), OKLA. STAT. tit. 25, § 1101 et seq., provides the exclusive remedy for employment discrimination claims in Oklahoma.

**A.  Federal Claims**

After receiving a right to sue letter from the EEOC, a plaintiff has 90 days from the date he received the letter to file a lawsuit against his employer. 29 U.S.C. § 626(e), 42 U.S.C. § 2000e-5(f)(1);[2] Jackson v. Continental Cargo-Denver, 183 F.3d 1186, 1189 (10th Cir.1999). If the

---

[1] Defendant's motion was also based on plaintiff's alleged failure to file a timely charge of discrimination with the EEOC. However, defendant withdrew this argument in its reply brief. Dkt. # 12 at 1 n.1.

[2] The ADA incorporates by reference Title VII's "powers, remedies, and procedures." 42 U.S.C. § 12117. The relevant parts of Title VII are codified at 42 U.S.C. § 2000e-5(f)(1).

3

complaint was filed more than 90 days after the plaintiff received notice of his right to sue, the complaint will be considered untimely. Noe v. Ward, 754 F.2d 890 (10th Cir. 1985).

Plaintiff's complaint does not state the exact date on which plaintiff received the August 25, 2011 right to sue letter, but merely states that it was received "thereafter" and that the complaint was "timely filed within 90 days of Plaintiff's receipt" of the letter. Dkt. # 2 at 4. Defendant argues that this allegation is not a proper basis on which to determine timeliness because it is a legal conclusion that is not entitled to the presumption of truth on a motion to dismiss. The Court agrees that the allegation of "timeliness" is a legal conclusion. However, plaintiff's allegation that he filed his complaint within 90 days of receipt of the letter is a factual averment that the Court must accept as true on a motion to dismiss. Because plaintiff has properly alleged that his complaint was filed within 90 days of receipt of the right to sue letter, he has stated claims upon which relief can be granted. Defendant is free to pursue the issue of plaintiff's receipt of the letter in discovery and to challenge the plausibility or credibility of plaintiff's allegation of the date of receipt at summary judgment or at trial.

**B.      Oklahoma Public Policy Claim**

In Burk v. K–Mart Corp., 770 P.2d 24 (Okla.1989), the Oklahoma Supreme Court recognized a common law claim for wrongful discharge in violation of an established Oklahoma public policy, and this type of claim has become known as a Burk tort. During the 2011 Legislative session, the Oklahoma Legislature amended the OADA to create a statutory cause of action for employment-based discrimination. OKLA. STAT. tit 25, § 1350. The statute states that a "cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished." OKLA. STAT. tit 25, § 1350(A). Thus, the statute abolishes the common law

4

Burk tort. The amendment became effective on November 1, 2011, and the Legislature did not expressly make the amendment retroactive. 2011 Okla. Sess. Law Serv. Ch. 270.

Defendant argues that, because plaintiff's complaint was filed after the effective date of the amended statute abolishing employment-based Burk torts, plaintiff's Burk tort claim must be dismissed. Plaintiff does not address this argument in his response to defendant's motion. Under Oklahoma common law, a cause of action accrues when the claim can be maintained. Brown v. Creek Cnty., 164 P.3d 1073, 1075 (Okla. 2007). The EEOC issued the right to sue letter on August 25, 2011. The earliest date on which plaintiff's claim could have accrued was August 25, 2011, and the latest date on which plaintiff's claim could have accrued is 90 days before the filing of the complaint, or August 31, 2011. Therefore, plaintiff's claim accrued before the OADA amendment took effect on November 11, 2011. The Court must determine whether the OADA amendment abolishing Burk torts for employment-based discrimination applies retroactively to claims that accrued prior to the effective date of the amendment.

Another judge in this district recently considered this precise issue and determined that the OADA cannot apply retroactively. See Mazzanti v. City of Owasso, No. 12-CV-022-GKF-PJC, 2012 WL 2505504, at *2 (N.D. Okla. June 28, 2012). In Mazzanti, Chief Judge Frizzell stated:

> "The general rule in Oklahoma is that statutes, and amendments, are to be construed to operate only prospectively unless the Legislature clearly expresses a contrary intent." Welch v. Armor, 776 P.2d 847, 850 (Okla. 1989). The exception to this rule is that "*remedial . . . statutes which do not create, enlarge, diminish, or destroy vested rights* are generally held to operate retrospectively." Id. (emphasis added). The United States Court of Appeals for the Tenth Circuit has held that a state is free to substitute one remedy for another. Swanson v. Bates, et al., 170 F.2d 648, 650 (10th Cir. 1948). Likewise, the Oklahoma Supreme Court has held that where a new law takes away a remedy, the new law does not destroy a right so long as it provides a "substantially similar" remedy. Barry v. Board of Com'rs of Tulsa Cnty., 49 P.2d 548, 550 (Okla. 1935).

5

> The language of the OADA amendment appears on its face to be a remedial enactment. 25 OKLA. STAT. § 1101(A) ("This act provides for exclusive *remedies . . .*"). However, the remedy provided by the OADA is not "substantially similar" to that of a Burk Tort, in that it does not allow for awards of punitive damages or other damages generally allowed in tort. Barry, 49 P .2d at 550; Burk, 770 P.2d at 28 ("Recoverable damages including punitive damages in such actions are governed by our statutory and common law principles of tort liability."). The OADA amendment significantly limits the type and amount of damages a plaintiff could recover, and so diminishes a remedial right available to [plaintiff] at the time her claim accrued. See Bierman v. Aramark Refreshment Services, Inc., 198 P.3d 877, 884 (Okla.2008) (holding that the prevention of an injured party from seeking punitive damage affected a substantial right). Because [the amended OADA] diminishes a substantive right and is not merely a substitute for the common law remedy it aims to eliminate, it cannot apply retroactively in destroying [plaintiff's] common law Burk claim.

Mazzanti, 2012 WL 2505504, at *1-2. This Court agrees with Judge Frizzell's reasoning in Mazzanti and finds that the amended OADA cannot apply retroactively to plaintiff's claim. Thus, because plaintiff's claim accrued before the abolishment of the Burk tort based on employment discrimination, plaintiff is entitled to allege a Burk tort claim of wrongful discharge.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. # 8) is **denied**.

**DATED** this 20th day of August, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE